Suresh K. JOISHY, M.D., F.A.C.P.,
Plaintiff–Appellant,

v.

CLEVELAND CLINIC FOUNDATION,
et al., Defendants–Appellees.

No. 99–3504.

United States Court of Appeals,
Sixth Circuit.

Jan. 25, 2001.

Before SUHRHEINRICH and DAUGHTREY; Circuit Judges; and WEBER, District Judge.*

PER CURIAM.

Plaintiff–Appellant Dr. Suresh Joishy claims that during his tenure at Cleveland Clinic Foundation (the clinic), Defendants–Appellees discriminated against Dr. Joishy in various ways constituting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and 42 U.S.C. §§ 1981 and 1983. Dr. Joishy also asserted various Ohio statutory civil rights and common law claims.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1993, Dr. Joishy applied for employment at the Cleveland Clinic Foundation Palliative Care Unit as an "attending physician." On February 15, 1994, Joishy was offered employment as a "clinical associate." Dr. Joishy describes this as "a lesser position for which he lacked voting rights, staff benefits, and essentially was the equivalent of a resident." Joishy claims that throughout his employment as a clinical associate he was subjected to unfair and discriminatory treatment.

On February 24, 1998, Dr. Joishy filed his Charge of Discrimination with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission. In his Charge of Discrimination, Joishy alleged that he was discriminated against based on his color, race, religion, national origin and age and that this discrimination occurred from May 1, 1994 until September 26, 1997. On March 5, 1998, the EEOC notified Joishy that his charge would be dismissed because it was untimely.

Joishy filed his Complaint in the District Court on May 26, 1998. Defendants filed a motion to dismiss arguing that Joishy's claims were time-barred due to his failure to timely file an administrative charge of discrimination with the EEOC. Defendants argued that a Title VII plaintiff is required to file a charge with the EEOC within 180 days or with a local equal employment agency within 300 days. Joishy filed his charge with the OCRC and the EEOC on February 24, 1998. Defendants assert that counting back three hundred days, the latest date on which any actionable discriminatory treatment could have occurred would have been May 1, 1997. Defendants argue that because Joishy was notified that his employment was terminated on March 17, 1997, his Title VII and ADEA claims are time-barred.

The District Court granted Defendants' Motion to Dismiss Joishy's Title VII and ADEA claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6).[1] The District Court concluded that Joishy was notified of his termination on March 17, 1997 but because he did not file his charge with the OCRC until more than 300 days later, his charge was not timely filed. The District Court rejected Joishy's argument that the statute of limitations should be equitably tolled under a "continuing violation" theory. We AFFIRM.

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

1. Following the grant of the motion to dismiss, the District Court signed an Agreed Entry allowing the voluntary dismissal of Joishy's remaining claims.

## DISCUSSION

We review an order granting a motion to dismiss de novo. *See Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir.2000). Dr. Joishy alleges that the District Court erred in granting the defendants' Rule 12(b)(6) motion to dismiss, specifically alleging that Defendants had engaged in a continuing pattern of discriminatory conduct which extended within the limitations period.

A plaintiff seeking to assert claims under Title VII must file a charge with the EEOC within 180–days after the alleged unlawful practice or within 300 days where the plaintiff first files with a state or local employment agency. 42 U.S.C. § 2000e-(5)(e). This same limitations period applies to charges under the ADEA. 29 U.S.C. § 626. As stated above, Joishy filed his Charge of Discrimination on February 24, 1998, therefore, the 'cut-off' date of 300 days prior would be May 1, 1997. Joishy was notified of his termination on March 17, 1997.

Joishy argues that he was subjected to continuing violations after the May 1, 1997 cut-off date that would relate back to violations within the limitations period. This Circuit has recognized that "where there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period." *Haithcock v. Frank*, 958 F.2d 671, 677 (6th Cir.1992) citing, *(Hull v. Cuyahoga Valley Joint Vocational Bd. of Ed.*, 926 F.2d 505, 511 (6th Cir.)). *See Also (Havens Realty Corp. v. Coleman*, 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982)). As the District Court correctly noted, the plaintiff must prove that the activity falling within the violations period must be related to the activity falling outside the limitations period. *Gallagher v. Croghan Colonial Bank*, 89 F.3d 275, 278 (6th Cir.1996). Consequences of past acts, however, are insufficient to establish present acts of discrimination and will not extend or toll the limitations period. *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 869 (1st Cir.1997); *See Also, Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1415 (10th Cir.1993).

The District Court correctly concluded that upon Joishy's notice of termination on March 17, 1997, he had a duty to assert his rights. Joishy argues that he continued to experience discrete acts of discrimination up to and including his last of day of employment on September 25, 1997. However, as correctly found by the District Court, the alleged incidents of discrimination occurring after notification of termination were mere consequences of that notification and were to be expected even absent a discriminatory intent.

Joishy argues that following his termination, the clinic withheld forms forwarded to it by prospective employers regarding Dr. Joishy's job search, denied him access to his personnel file and generally inhibited his job search. Joishy asserts that these alleged incidents are not consequences of his notification of termination. However, Dr. Joishy failed to list these allegations in his Charge of Discrimination to the OCRC and EEOC and therefore they cannot provide the basis for a 'continuing violation.' *See Haithcock*, 958 F.2d at 675 (stating that a complaint alleging discrimination may not be brought unless administrative remedies have been exhausted).

Joishy also argues that following his notification of termination, he continued to receive disproportionate compensation and was denied the support of staff and equipment up to and including September 25, 1997. Joishy asserts that none

of these were consequences of his notification of termination. Reviewing the record, these acts of alleged discrimination are the effects of Joishy being hired on as a "clinical associate" rather than as an "attending physician;" a position Joishy admits was "a lesser position for which he lacked voting rights, staff benefits, and essentially was the equivalent of a resident." The effects of his hiring on as a "clinical associate" also cannot provide the basis for a 'continuing violation.'

### CONCLUSION

For the foregoing reasons, we AFFIRM the District Court.